Freedman, J.
The theory upon which the plaintiff had a verdict is that plaintiff’s intestate, after having been carried as a passenger by the defendant, and while engaged in descending the stairs leading from defendant’s station to the street, slipped on about the third step from the bottom *124 of the staircase and fell to the large flagstone at the bottom of the stairs, whereby, and without any fault on his part contributing thereto, he sustained serious injury, from, which he thereafter died. _
_ There was a conflict "of evidence upon the question whether, at the time of the occurrence, the steps of the staircase were or were not slippery and dangerous, and the case, therefore, was one for the jury.
The defendant, as a carrier of passengers for hire, was responsible for something more than mere ordinary care in keeping the staircase in a safe condition for the entrance and egress of passengers to and from the station. It was,, as against its passengers, bound to use all such reasonable precautions against injury as human sagacity and foresight can suggest. Weston v. N. Y. Elevated R. R. Co., 42 Superior Ct. R., 156, affirmed 73 N. Y., 595.
Some parts of the charge that have been complained of, seem, when considered by themselves, to state the rule more strongly against the defendant; but the charge, as a. whole, with the corrections and additions made in view of the requests of the defendant, does not in effect go beyond the line laid down in the Case of Weston.
None of the exceptions taken to the charge, the refusal to charge, and the exclusion of certain evidence, presents, under all the circumstances, any ground for reversal.
Sedgwick, Ch. J., concurs; Truax, J., dissenting.